## NATIONAL AMERICAN INSURANCE COMPANY

v.

## CLERMONT COUNTY BOARD OF COMMISSIONERS.

Court of Common Pleas of Ohio,
Clermont County.

No. 92–CV–00709.

Decided Jan. 22, 1993.

*Claudia L. Schaefer,* for plaintiff.

*Thomas L. Blust,* for defendant.

ROBERT P. RINGLAND, Judge.

This matter came before the court for oral argument on December 11, 1992 pursuant to plaintiff's motion for summary judgment, wherein the plaintiff claims that it is entitled to payment of $19,416 from defendant due to the fact that plaintiff had to pay out on a surety bond covering a project being constructed with funds administered by defendant. The court took the matter under advisement, and after having considered the oral argument, memoranda, and affidavits submitted by the parties, the court hereby renders the following decision.

The Board of Commissioners of Clermont County (hereinafter "commissioners") entered into a contract with L.L. Conger Construction Co., Inc. (hereinafter "Conger") for Conger to construct an EMT building in Franklin Township. Plaintiff, National American Insurance Company (hereinafter "National"), issued a "Bid Guaranty and Contract Bond" for this project on November 29, 1990. Although Conger did complete the EMT building project, Conger did not pay all of the suppliers and subcontractors on the project. Thus, National became liable to the unpaid suppliers and subcontractors under the terms of the bond, ultimately paying out over $41,000.

Once National realized that it would be liable on the bond, it sent a letter to the commissioners, requesting that the remaining contract funds be held until the claims against the contractor were resolved. At the time of this notice, the commissioners were still holding $19,416 in contract funds. Despite National's claims against these remaining funds, these funds were paid over to Fifth Third Bank, who claimed a security interest in the accounts receivable of Conger.

National, in support of its motion for summary judgment, claims equitable subrogation rights in the remaining funds, and that as a subrogee, its rights are superior to the rights of the contractor's assignee, Fifth Third Bank. Further, plaintiff claims that its rights were prior to and superior to the rights of the Internal Revenue Service. Plaintiff asserts that the commissioners cannot claim governmental immunity in order to avoid any obligations that they may have to the plaintiff, because Revised Code Chapter 2744, under which they claim immunity, is inapplicable, due to the proviso contained in R.C. 2744.09 controlling in the instant case. R.C. 2744.09 provides as follows:

"This chapter does not apply to and shall not be construed to apply to, the following:

" * * *

"(D) Civil actions by sureties, and the rights of sureties, under fidelity or surety bonds."

In opposition to the motion for summary judgment, defendant submits that it cannot be liable for funds that it no longer holds. The monies for the EMT building were held in a special fund for the Community Block Grant Development Program that the county administers. The monies in this special fund have been depleted, according to the defendant; therefore, defendant asserts that the plaintiff has no fund from which to recover the monies sought. Defendant contends that plaintiff cannot recover this money from the general funds of the county. It is further argued that plaintiff cannot maintain an action sounding in tort, since the county would be immune from tort claims under R.C. 2744.03, and there is no allegation that the county employee who administered the plan acted in a malicious, willful, or wanton manner, which would take the county outside the realm of R.C. 2744.03.

In order for the moving party to prevail on a motion for summary judgment, the movant must present evidence from which the court can conclude that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. Civ.R. 56(C).

The court is neither aware of, nor has it been apprised of, any cause of action which can be maintained based on subrogation rights in a fund which no longer exists. If in fact plaintiff does have a cause of action to assert against defendant, it would most likely be an action sounding in negligence. See, *e.g.*, *Commercial Std. Ins. Co. v. Bank of Am.* (1976), 57 Cal.App.3d 241, 129 Cal.Rptr. 91, in which such a cause of action is discussed. At any rate, the court cannot say that plaintiff is entitled to judgment as a matter of law, since plaintiff has not at this juncture clearly set forth a prima facie case sounding in negligence. Assuming *arguendo* that plaintiff has set forth a cause of action sounding in negligence, reasonable minds could differ as to whether defendant, or anyone acting on its behalf, breached any duty which it may have owed to plaintiff as the surety on the public works contract.

While defendant's arguments regarding sovereign immunity may appear to have merit at first glance, a closer look reveals that R.C. 2744.03 has no application in the present controversy. The proviso contained in R.C. 2744.09(D) controls the instant action, since there is no question that plaintiff is a surety bringing a civil action, attempting to assert its rights under the surety bond entered into with Conger. The court does not find that this proviso excludes

actions sounding in negligence, for it plainly states that R.C. Chapter 2744 does not apply to *civil* actions, and does not distinguish between tort and contract actions. If the legislature wanted to limit the proviso to contract actions, it could have done so. Words in a statute must be given their full meaning unless a contrary intention appears, *Lewis v. Carpenter* (App.1950), 60 Ohio Law Abs. 119, 100 N.E.2d 874, and a proviso is to be given force and effect, not to be construed away, *Messenger v. Bliss* (1880), 35 Ohio St. 587, 591. Although R.C. 2744.03 would otherwise be applicable to any tort claim which plaintiff could assert, the effect of R.C. 2744.09(D) is to take the case *sub judice* outside the scope of R.C. Chapter 2744's governmental immunity provisions. In light of the foregoing, the court holds that reasonable minds could differ as to whether the plaintiff can recover under negligence theory, and plaintiff is not entitled to judgment as a matter of law. Plaintiff's motion for summary judgment is hereby denied.

*Motion denied.*